Ehsan Afaghi, SBN 92481
LAW OFFICES OF EHSAN AFAGHI
170 S. Beverly Drive
Suite 315
Beverly Hills, CA 90212
Telephone 310-278-8050 Fax 310-278-2330
E-Mail Afaghi@pacbell.net

Attorney for Plaintiff
DAVID ZARABI

FILED

MAY 15 2009

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>EZRI NAMVAR<br><br>    Debtor.<br><hr><br>DAVID ZARABI, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>EZRI NAMVAR, an individual and DOES 1 THROUGH 50, Inclusive,<br><br>    Defendants. | BK Case No.: 2:08-bk-32349-BR<br>Chapter 11<br><br>Adversary Case No.<br><br>**COMPLAINT FOR:**<br><br>1.    **FRAUD;**<br>2.    **CONVERSION;**<br>3.    **BREACH OF FIDUCIARY DUTY AND AIDING AND ABETTING BREACH OF FIDUCIARY DUTY;**<br>4.    **BREACH OF CONTRACT;**<br>5.    **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>6.    **UNLAWFUL BUSINESS PRACTICES;**<br>7.    **UNJUST ENRICHMENT;**<br>8.    **CONSTRUCTIVE TRUST;**<br>9.    **ACCOUNTING;**<br>10.    **DECLARATORY RELIEF;**<br>11.    **NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. SECTION 523(a)(2)(A);**<br>12.    **NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. SECTION 523(a)(4);**<br>13.    **NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. SECTION 523(a)(6)**<br><br>[Demand for Jury Trial] |

COMES NOW, Plaintiff DAVID ZARABI ("Plaintiff"), who alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff is information and believes and based thereon alleges that on or about December 19, 2008, an involuntary petition under 11 U.S.C. §33 was filed against defendant/ debtor Ezri Namvar ("Namvar") imposing an automatic stay in Bankruptcy Case Number 2:08-bk-32349-BR, entitled In re Ezri Namvar, in the United States Bankruptcy Court, Central District of California.

2.      This Court has jurisdiction of this adversary proceeding and Complaint pursuant to 28 U.S.C. §§157 and 1334.  This matter is a core proceeding and jurisdiction of this Court is based upon the provisions of 28 U.S.C. §§157(b) and 1334.

3.      Venue for this Adversary Proceeding is proper in the Central District of California, Los Angeles Division, because the underlying Chapter 11 case was filed in this Central District, Los Angeles Division.

## THE PARTIES

4.      Plaintiff is, and at all times mentioned herein was, an individual residing in Los Angeles, California.

5.      Plaintiff is informed and believes, and based thereon alleges, that Namvar is an individual residing in Beverly Hills, California, and is, on information and belief, an owner or principal and officer or director of Namco Capital Group, Inc. ("Namco Capital").

6.      Upon information and belief, Namvar formed Namco Capital with the intention of avoiding personal liability for the financial scheme described herein.  Plaintiff is informed and, on that basis alleges, that Namvar used Namco Capital as alter egos by, among other things:

a.      Commingling personal and corporate funds and other assets;

b.      Diverting corporate funds and/or assets to uses other than the benefit of the corporation or the satisfaction of its obligations and debts;

c.      Treating Namco Capital's corporate assets as his own;

d.      Failing to maintain separate and adequate corporate records;

e.      Failing to capitalize Namco Capital adequately;

f.      Using Namco Capital as mere shells, instrumentality, or conduit for personal business activities; and

-2-
COMPLAINT

g.     Using Namco Capital as shields against personal liability or as a subterfuge for illegal transactions.

7.     Plaintiff is informed and believes, and based thereon alleges, that each of the defendants was the agent, alter ego, servant, co-conspirator and/or representative of each of the other remaining defendants and at all times herein relevant was acting within the authorized scope and course of said agency, conspiracy and employment and all of said acts, conduct or omissions were subsequently ratified by the respective principals and accepted by the principals of the defendants.

8.     Plaintiff is informed and believes, and based thereon alleges, that each defendant was the agent, employee, servant, partner or co-conspirator of each of the other defendants or is in some other manner legally liable for the conduct and damages at issue in this action and was acting within the scope of one or more of such relationships and with the direct or implied knowledge, consent or ratification of each of the other defendants.

## GENERAL ALLEGATIONS

9.     Plaintiff is informed and believes and based thereon alleges that this case arises from a "Ponzi" scheme perpetrated by Defendants through an inadequately capitalized sham corporation called Namco Capital.  Through this scheme, in which Namvar and Namco Capital purported to act as a "qualified intermediary" in deferred exchanges pursuant to United States Internal Revenue Code §1031 (26 U.S.C. §1031) (hereinafter "Section 1031"), Namvar and Namco Capital stole $3,850,000 from Plaintiff, and potentially many more millions from other similarly situated.

10.     Plaintiff is informed and believes and based thereon alleges that Namvar and Namco Capital, at all times relevant hereto, did not run a legitimate Section 1031 exchange operation, and had no interest or desire in honoring the legal obligations incurred in that role.  Instead, Namco Capital was nothing more than Namvar's vehicle to operate an illegal "Ponzi" scheme, which was intended to, and did, bilk unsuspecting investors out of millions of dollars of deposited funds to provide Namvar with capital to engage in other risky investments.  Despite contractually agreeing to maintain Plaintiff's exchange proceeds in a "nationally insured bank or savings institution," Namvar instead used Plaintiff's deposited funds for his own risky investments, making the funds unavailable to accomplish the Section 1031 exchange for which they were deposited.

11. Plaintiff previously owned a real property in the State of Nevada.

12. Plaintiff sold the real property and deposited the sales proceeds in the amount of $3,850,000 (the "Sales Proceeds") in his personal account.

13. In August 2006, Defendants approached and advised Plaintiff that if Plaintiff transfers the Sales Proceeds to Defendants, Defendant may be able to act as a qualified intermediary as that term is defined in Treas. Reg. Sections 11031(k)-1(g)(4) for the exchange of the Sales Proceeds.

14. Defendants offered to provide Plaintiff with a note as evidence of the transfer of the Sales Proceeds from Plaintiff to Defendants, while Defendants investigated whether the Sales Proceeds could be processed as a 1031 exchange.

15. Based on the prior business relationship between Defendants and Plaintiff's brother, Plaintiff placed trust and confidence in Defendants and delivered the Sales Proceeds to Defendants on or about August 25, 2006 and Defendants made, executed and delivered a promissory note to Plaintiff. (A copy of the promissory note is attached hereto as Exhibit "1" and is incorporated by this reference).

16. During the next few months, Plaintiff made inquiries concerning the Sales Proceeds. Each time, Defendants represented to Plaintiff that they were still investigating whether the Sales Proceeds could be processed as a 1031 exchange.

17. Eventually upon contacting Defendants some months later, Plaintiff was informed that Defendants would not be able process the Sales Proceeds as a 1031 exchange since Plaintiff had previously deposited the same in his personal account.

18. At that time, Plaintiff demanded the return of the Sales Proceeds. Defendants informed Plaintiff that they had invested the Sales Proceeds and were no longer in possession of the same.

19. Plaintiff demanded that Defendants provide him with security for the Sales Proceeds. Defendants repeatedly represented to Plaintiff that they were attempting to locate suitable security with sufficient equity.

20. In or about October 2008, Plaintiff learned that Defendants' exchange business was nothing more than a "Ponzi" scheme.

21. Thereafter, bankruptcy proceedings were instituted against Defendants.

22.    To date, despite Plaintiff's demands, Defendants have failed, refused or neglected to return the Sales Proceeds to Plaintiff.

## FIRST CAUSE OF ACTION FOR FRAUD AND INTENTIONAL
## (AGAINST ALL DEFENDANTS)

23.    Plaintiff hereby incorporates by reference each and every allegation of paragraphs 1 through 22 as though fully set forth herein.

24.    Beginning in or about August 2006, Defendants made the following misrepresentations and material omissions, among others, to Plaintiff:

Misrepresentations:

a.    Representing to Plaintiff, both expressly and through a continuous course of conduct, that Namco Capital was a legitimate exchange company and a Qualified Intermediary for purposes of completing Section 1031 exchange transactions, when, upon information and belief, Namco Capital was nothing more than Defendants' vehicle for converting the funds of others for personal investment purposes or to operate an illegal financial scheme;

b.    Representing to Plaintiff, both expressly and through a continuous course of conduct, that they would investigate the possibility of processing the Sales Proceeds as a 1031 exchange;

c.    Representing to Plaintiff, both expressly and through a continuous course of conduct, that the Sales Funds were being held in trust and in a "nationally insured bank or savings institution," when, upon information and believe, Plaintiff's funds were misappropriated or stolen presumably for use for other purposes including Defendants' personal investments or the operation of an illegal financial scheme;

d.    Representing to Plaintiff, both expressly and through a continuous course of conduct, that the Sales Proceeds would be held and used for legitimate business purposes consistent with the deferred exchange as contemplated by the agreement, when, as alleged above, they were not;

e.    Representing to Plaintiff, both expressly and through a continuous course of conduct, that, following deposit, the Sales Proceeds would be and were immediately available to Plaintiff when, as alleged above, they were not;

f. Representing to Plaintiff, both expressly and through a continuous course of conduct, that they were attempting to locate security for the Sales Proceeds when, as alleged, they were not.

Material omissions:

e. At all pertinent times, Defendants failed to disclose that Namco Capital was not a legitimate exchange company and a Qualified Intermediary, but, upon information and belief, was instead a sham corporation set up and used to generate capital for risky investments or the operation of an illegitimate financial scheme; and

f. At all pertinent times, Defendants failed to disclose that, rather than maintain the Sales Proceeds in the manner dictated by the agreement, upon information and belief, they had instead disposed of or misappropriated Plaintiff's Sales Proceeds completely or in a manner that made such funds unlikely to be recovered and otherwise unavailable to Plaintiff to accomplish the purposes of the Section 1031 Exchange.

25. Plaintiff is informed and believes and based thereon alleges that, at all times relevant herein, Defendants knowingly and willfully conspired with as yet un-identified additional defendants, by cooperation, encouragement, ratification, or otherwise, to defraud Plaintiff, as set forth herein.

26. Plaintiff is informed and believes and based thereon alleges that when Defendants made these representations and material omissions, they knew them to be false, fraudulent or deceptive, and made them with the intention to deceive and defraud Plaintiff and to induce Plaintiff to act in reliance thereon.

27. At the time the above misrepresentations and material omissions were made, Plaintiff was ignorant of their falsity and believed them to be true. Plaintiff's reliance was reasonable because Defendants actively misrepresented, suppressed, concealed and failed to disclose the truth.

28. As a direct and proximate result of Defendants' false, fraudulent or deceptive acts, Plaintiff has sustained damages in an amount according to proof, but in no event less than $3,850,000.

29. Plaintiff is informed and believes and based thereon alleges that Defendants' acts were undertaken with intent to defraud, were willful, wanton, malicious and oppressive, and further alleges that these acts justify an award of exemplary and

1   punitive damages in a sum appropriate to punish Defendants and deter future similar

2   conduct.

3   ## SECOND CAUSE OF ACTION FOR CONVERSION

4   ### (AGAINST ALL DEFENDANTS)

5        30.     Plaintiff hereby incorporates by reference each and every allegation of

    paragraphs 1 through 29 as though fully set forth herein.
6
         31.     By means of false, fraudulent and/or deceptive acts, Defendants, without
7
    Plaintiff's knowledge or consent, exercised dominion and control over, misappropriated,
8
    converted or stole for their personal use and possession, the Sales Proceeds, all of which
9
    belong to Plaintiff in an amount not less than $3,850,000.

10       32.     Plaintiff is informed and believes and based thereon alleges that, at all

11  times relevant herein, Defendants knowingly and willfully conspired with as yet unknown

12  co-defendants, by cooperation, encouragement, ratification, or otherwise, to

13  misappropriate, convert, or steal the Sales Proceeds, as set forth herein.

14       33.     Defendants' interference with Plaintiff's right to possess the Sales Proceeds

15  has been substantial and has deprived Plaintiff of the entire value of the Sales Proceeds.

16       34.     As a proximate result of Defendants' wrongful conduct, Plaintiff has

    sustained damages in an amount according to proof, but in no event less than $3,850,000.
17
         35.     Plaintiff is informed and believes and based thereon alleges that
18
    Defendants' acts were undertaken with intent to defraud, were willful, wanton, malicious
19
    and oppressive, and further alleges that these acts justify an award of exemplary and
20
    punitive damages in a sum appropriate to punish Defendants and deter future similar
21
    conduct.

22  ## THIRD CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

23  ## AND AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

24  ### (AGAINST ALL DEFENDANTS)

25       36.     Plaintiff hereby incorporates by reference each and every allegation of

    paragraphs 1 through 35 as though fully set forth herein.
26
         37.     As the owner and chief executive officer of the Qualified Intermediary for
27
    Plaintiff, as that term is defined by the United States Treasury Regulations §1301.1030(k)-
28
    1(g)(4)(iii), Defendants had a relationship of trust and confidence with Plaintiff. Defendants

1   were obligated as a fiduciary to act with the highest duty of good faith and care, and were

2   prohibited from placing their own interests ahead of the interests of Plaintiff.

3        38.    Plaintiff has performed all of its obligations, except to the extent any such

4   obligations have been excused or discharged by Defendants' statements or conduct.

5        39.    Defendants have breached their fiduciary duties to Plaintiff by, among other

things:

6        a.    Engaging in the misrepresentations or material omissions to Plaintiff which

7   are set forth above;

8        b.    Misappropriating for their own purposes the Sales Proceeds that were

9   intended and supposed to be held in trust for Plaintiff in a "nationally insured bank or savings

10  institution" for purposes of effectuating the Section 1031 exchange; and

11       c.    Actively concealing the fact that they had misappropriated converted or stole

12  the Sales Proceeds for their personal use and possession.

13       40.    As a direct and proximate consequence of Defendants' wrongful conduct,

14  Plaintiff has been damaged in an amount according to proof, but in no event less than

15  $3,850,000.

16       41.    Plaintiff is informed and believes and based thereon alleges that Defendants'

acts were undertaken with intent to defraud, were willful, wanton, malicious and oppressive,

17  and further alleges that these acts justify an award of exemplary and punitive damages in a

18  sum appropriate to punish Defendants and deter future similar conduct.

19  **FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT**

20  **(AGAINST ALL DEFENDANTS)**

21       42.    Plaintiff hereby incorporates by reference each and every allegation of

22  paragraphs 1 through 22 as though fully set forth herein.

23       43.    As of August 2006, Plaintiff and Defendants entered into an agreement for

24  Defendants to investigate whether they could act as a qualified intermediary and hold the

25  Sales Proceeds in trust during Defendants' investigation.

26       44.    Plaintiff has performed all conditions, covenants and promises required under

the agreement, except those conditions, covenants and promises which have been prevented

27  or otherwise excused by Defendants' conduct.

28       45.    Defendants have materially breached the agreement by:

a.      Failing to maintain the Sales Proceeds in a "nationally insured bank or savings institution" as required by the agreement and, upon information and belief, instead using the proceeds for Defendants' own personal investments or for the operation of an illegal "Ponzi" scheme;

b.      Failing and refusing to return to Plaintiff the Sales Proceeds, despite Plaintiff's request for the same.

46.     As a direct and proximate result of each of the above-identified breaches, Plaintiff has sustained damaged in an amount according to proof, but in no event less than $3,850,000.

## FIFTH CAUSE OF ACTION FOR BREACH OF IMPLIED
## COVENANT OF GOOD FAITH AND FAIR DEALING
### (AGAINST ALL DEFENDANTS)

47.     Plaintiff hereby incorporates by reference each and every allegation of paragraphs 1 through 22 and 43 through 46 as though fully set forth herein.

48.     As of August 2006, Plaintiff and Defendants entered into an agreement.

49.     As with all agreements in the State of California, the agreement contains an implied covenant of good faith and fair dealing, pursuant to which each of the parties thereto, including Defendants, agreed not to take any action to deprive the other parties of the benefit of the agreement.

50.     Plaintiff has performed all conditions, covenants and promises required under the agreement, except those conditions, covenants and promises which have been prevented or otherwise excused by Defendants' conduct.

51.     Notwithstanding Plaintiff's performance, Defendants have materially breached the covenant of good faith and fair dealing by:

a.      Engaging in the misrepresentations or material omissions to Plaintiff as set forth herein;

b.      Engaging in the conduct or omissions set forth herein; and

c.      Committing the breaches set forth herein.

52.     As a direct and proximate result of each of the above-identified breaches, Plaintiff has sustained damaged in an amount according to proof, but in no event less than $3,850,000.

COMPLAINT

## SIXTH CAUSE OF ACTION FOR UNFAIR
## AND FRAUDULENT BUSINESS PRACTICE
### (AGAINST ALL DEFENDANTS)

53.    Plaintiff hereby incorporates by reference each and every allegation of paragraphs 1 through 52 as though fully set forth herein.

54.    Defendants' actions as complained of herein were undertaken in the course of business activities, and constitute one or more unfair, unlawful or fraudulent business practices under California Business and Professions Code Sections 17200, *et seq.*

55.    By reason of Defendants' unfair, unlawful, or fraudulent business practices, Plaintiff is entitled to full and immediate restitution of the balance of the Sales Proceeds, as well as its attorneys' fees and costs in bringing and litigating this action.

## SEVENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT
### (AGAINST ALL DEFENDANTS)

56.    Plaintiff hereby incorporates by reference each and every allegation of paragraphs 1 through 55 as though fully set forth herein.

57.    Plaintiff is informed and believes, and based thereon alleges, that, at all times relevant herein, Defendants knowingly and willfully conspired with other unknown defendants, by cooperation, encouragement, ratification, or otherwise, to misappropriate, convert or steal the Sales Proceeds and defraud Plaintiff, as set forth herein.

58.    Through fraudulent, wrongful and illegal acts, Defendants were unjustly enriched at the expense of Plaintiff.  Plaintiff is entitled to recover the benefit, in an amount according to proof but in no event less than $3,850,000, unjustly appropriated by Defendants as described herein according to proof.

## EIGHTH CAUSE OF ACTION FOR CONSTRUCTIVE TRUST
### (AGAINST ALL DEFENDANTS)

59.    Plaintiff hereby incorporates by reference each and every allegation of paragraphs 1 through 58 as though fully set forth herein.

60.    Defendants have wrongfully acquired, and refused to return, the Sales Proceeds.

61.    Through fraudulent and wrongful acts, Defendants have unjustly enriched themselves at the expense of Plaintiff.

62.   Defendants had thereby become a constructive trustee, on behalf of Plaintiff, of the Sales Proceeds, and any other assets converted from Plaintiff.

63.   Plaintiff is informed and believes, and based thereon alleges, that certain of the assets converted from Plaintiff may reside with as-yet unknown third parties.

64.   Plaintiff seeks a judicial declaration establishing that Defendants shall hold the Sales Proceeds, and any other converted monies or other assets, in trust for Plaintiff.

## NINTH CAUSE OF ACTION FOR ACCOUNTING
### (AGAINST ALL DEFENDANTS)

65.   Plaintiff hereby incorporates by reference each and every allegation of paragraphs 1 through 64 as though fully set forth herein.

66.   Under the agreement, Plaintiff is entitled to the benefit of the full amount of the Sales Proceeds as well as interest earned on those proceeds. In light of Defendants' failure to maintain the Sales Proceeds in a "nationally insured bank or savings institution" as the agreement provides, and Defendants' failure to account for the amount of any interest or profits earned on such proceeds, the precise amount of money owed by Defendants to Plaintiff is unknown and cannot be ascertained without an accounting.

67.   Plaintiff hereby demands, and has demanded, that Defendants account for the aforementioned monies and pay the amount due to Plaintiff.

68.   Despite such demands, Defendants have failed and refused, and continue to fail and refuse, to render any accounting – much less pay – Plaintiff the entire amount of monies due and owing.

## TENTH CAUSE OF ACTION FOR DECLARATORY RELIEF
### (AGAINST ALL DEFENDANTS)

69.   Plaintiff hereby incorporates by reference each and every allegation of paragraphs 1 through 68 as though fully set forth herein.

70.   By virtue of the foregoing matters, an actual controversy and dispute has arisen between Plaintiff and Defendants in that Plaintiff maintains that it has an absolute right to recovery of the Sales Proceeds and Defendants refuses to return those funds.

71.   Plaintiff desires a judicial determination and declaration of the parties' respective rights and duties with the agreement (or otherwise) and specifically desires a

COMPLAINT

1    determination that Defendants are obligated to return all funds, with interest and any other

2    applicable damages to Plaintiff.

3         72.    Such a declaration is necessary and appropriate at this time so that Plaintiff

4    can determine its rights under the agreement.  Accordingly, Plaintiff requests that this Court

5    adjudicate the controversy, the agreement and issue a declaration of the rights, duties, and

6    obligations of the parties under the agreement.

7         73.    It is on this basis that Plaintiff seeks injunctive relief, including a temporary

8    restraining order to show cause regarding the imposition of a preliminary and permanent

9    injunction to prevent further imminent erosion of his financial position as a result of

    Defendants' ongoing "Ponzi" scheme.

10    ## ELEVENTH CAUSE OF ACTION FOR NONDISCHARGEABILITY

11    ## OF DEBT PURSUANT TO 11 U.S.C. §523(a)(2)(A)

12    ### (AGAINST ALL DEFENDANTS)

13         74.    Plaintiff hereby incorporates by reference each and every allegation of

14    paragraphs 1 through 73 as though fully set forth herein.

15         75.    Plaintiff alleges that the obligations due and owing to Plaintiff by Defendants

16    are nondischargeable by reason of Bankruptcy Code §523(a)(2)(A), based upon the false

17    pretenses, false representations and actual fraud (that are other than a statement respecting

18    the debtor's or an insider's financial condition) as set forth in this Complaint.  On

19    information and belief, each of Defendants' inducements and representations were false and

20    were part of a larger illegal financial scheme and but for such false promises and

21    inducements and actual fraud, Plaintiff would not have placed its money in accounts directly

    or indirectly controlled by Defendants.

22         76.    As a result of Defendants' false representations, as set forth in this Complaint,

23    Defendants received a benefit from Plaintiff in the amount of not less than $3,850,000 based

24    upon false pretenses, false representations and actual fraud.

25         77.    As a result of Defendants' false representations, Plaintiff was damaged in the

26    amount of not less than $3,850,000, plus interest accruing at ten percent (10%) per annum, to

27    the time of entry of judgment.

28         78.    Pursuant to Bankruptcy Court §523(a)(2)(A), the debt incurred by Defendants

    to Plaintiff is nondischargeable.

## TWELFTH CAUSE OF ACTION FOR NONDISCHARGEABILITY
## OF DEBT PURSUANT TO 11 U.S.C. §523(a)(4)
### (AGAINST ALL DEFENDANTS)

79.     Plaintiff hereby incorporates by reference each and every allegation of paragraphs 1 through 78 as though fully set forth herein.

80.     Plaintiff alleges that the obligations due and owing to Plaintiff by Defendants are nondischargeable by reason of <u>Bankruptcy Court</u> §523(a)(4), based upon fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny as set forth in this Complaint. On information and belief, each of Defendants' inducements and representations were false and were part of a larger illegal financial scheme and but for such false promises and inducements and actual fraud, Plaintiff would not have placed his money in accounts directly or indirectly controlled by Defendants.

81.     As s result of Defendants' fraud or defalcation while acting in a fiduciary capacity, as set forth in this Complaint, Defendants received a benefit from Plaintiff in the amount of not less than $3,850,000.

82.     As s result of Defendants' fraud or defalcation while acting in a fiduciary capacity, Plaintiff was damaged in the amount of not less than $3,850,000, plus interest accruing at ten percent (10%) per annum, to the time of entry of judgment.

83.     Pursuant to <u>Bankruptcy Court</u> §523(a)(4), the debt incurred by Defendants to Plaintiff is nondischargeable.

## THIRTEENTH CAUSE OF ACTION FOR NONDISCHARGEABILITY
## OF DEBT PURSUANT TO 11 U.S.C. §523(a)(6)
### (AGAINST ALL DEFENDANTS)

84.     Plaintiff hereby incorporates by reference each and every allegation of paragraphs 1 through 83 as though fully set forth herein.

85.     Plaintiff alleges that the obligations due and owing to Plaintiff by Defendants are nondischargeable by reason of <u>Bankruptcy Court</u> §523(a)(6), based upon willful and malicious injury by Defendants to another entity or to the property of another entity as set forth in this Complaint. On information and belief, each of Defendants' inducements and representations, as well as Defendants' defalcation and theft/conversion, was false and or unlawful and Defendants' knew or should have known at the time they

were false and unlawful, and were made by Defendants with the specific intent and purpose of inducing Plaintiff to enter into a contract and/or to steal from Plaintiff.

86.   As a result of Defendants' false representations and theft/conversion, as set forth in this Complaint, Defendants received a benefit from Plaintiff in the amount of not less than $3,850,000.

87.   As s result of Defendants' fraud or defalcation while acting in a fiduciary capacity, Plaintiff was damaged in the amount of not less than $3,850,000, plus interest accruing at ten percent (10%) per annum, to the time of entry of judgment.

88.   Pursuant to <u>Bankruptcy Court</u> §523(a)(6), the debt incurred by Defendants to Plaintiff is nondischargeable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF prays for judgment as follows:

<u>AS TO THE FIRST CAUSE OF ACTION:</u>

1.   For compensatory damages in an amount not yet fully determined, but in no event less than $3,850,000;

2.   For consequential damages, including but not limited to the loss of all Section 1031 tax advantages or real estate profits, in an amount to be proven at trial;

3.   For punitive and exemplary damages in an amount to be proven at trial;

4.   For costs of suit incurred herein.

<u>AS TO THE SECOND CAUSE OF ACTION:</u>

1.   For compensatory damages in an amount not yet fully determined, but in no event less than $3,850,000;

2.   For consequential damages, including but not limited to the loss of all Section 1031 tax advantages or real estate profits, in an amount to be proven at trial;

3.   For punitive and exemplary damages in an amount to be proven at trial;

4.   For costs of suit incurred herein.

<u>AS TO THE THIRD CAUSE OF ACTION:</u>

1.   For compensatory damages in an amount not yet fully determined, but in no event less than $3,850,000;

2.   For consequential damages, including but not limited to the loss of all Section 1031 tax advantages or real estate profits, in an amount to be proven at trial;

COMPLAINT

3.    For punitive and exemplary damages in an amount to be proven at trial;

4.    For costs of suit incurred herein.

AS TO THE FOURTH CAUSE OF ACTION:

1.    For compensatory damages in an amount not yet fully determined, but in no event less than $3,850,000;

2.    For consequential damages, including but not limited to the loss of all Section 1031 tax advantages or real estate profits, in an amount to be proven at trial;

3.    For attorneys' fees, pursuant to agreement, and its costs of incurred herein.

AS TO THE FIFTH CAUSE OF ACTION:

1.    For compensatory damages in an amount not yet fully determined, but in no event less than $3,850,000;

2.    For consequential damages, including but not limited to the loss of all Section 1031 tax advantages or real estate profits, in an amount to be proven at trial;

3.    For attorneys' fees, pursuant to agreement, and its costs of incurred herein.

AS TO THE SIXTH CAUSE OF ACTION:

1.    For restitution of an amount not yet fully determined, but in no event less than $3,850,000;

2.    For an order enjoining and restraining Defendants and all persons acting with, for or in concert with him from any further unlawful practices;

3.    For attorneys' fees and costs of incurred herein.

AS TO THE SEVENTH CAUSE OF ACTION:

1.    For restitution of an amount not yet fully determined, but in no event less than $3,850,000;

2.    For an accounting;

3.    For imposition of a constructive trust;

4.    For disgorgement of all profits obtained by Defendants as a result of the fraudulent acts complained of herein;

5.    For costs of suit incurred herein.

AS TO THE EIGHTH CAUSE OF ACTION:

1.    For restitution of an amount not yet fully determined, but in no event less than $3,850,000;

2.   For an accounting;

3.   For imposition of a constructive trust;

4.   For disgorgement of all profits obtained by Defendants as a result of the fraudulent acts complained of herein;

5.   For costs of suit incurred herein.

## AS TO THE NINTH CAUSE OF ACTION:

1.   For restitution of an amount not yet fully determined, but in no event less than $3,850,000;

2.   For an accounting;

3.   For imposition of a constructive trust;

4.   For disgorgement of all profits obtained by Defendants as a result of the fraudulent acts complained of herein;

5.   For costs of suit incurred herein.

## AS TO THE TENTH CAUSE OF ACTION:

1.   For restitution of an amount not yet fully determined, but in no event less than $3,850,000;

2.   A judicial determination that Plaintiff is entitled to recover all of its assets under the agreement;

3.   Injunctive relief in the form a Temporary Restraining Order, as well as an Order to Show Cause regarding the imposition of a preliminary and permanent injunction (and the subsequent imposition of such injunctions), based on a determination that Plaintiff has no plain, speedy and adequate remedy at law to compel Defendants to cease wrongful conduct and return the funds stolen. Plaintiff is informed and believes that, unless restrained by this Court, Defendants will continue such wrongful conduct, all to Plaintiff's irreparable injury. Accordingly, Plaintiff seeks the above requested injunctive relief to prevent Defendants from further hiding, transferring or encumbering assets.

## AS TO THE ELEVENTH CAUSE OF ACTION:

1.   For a determination of nondischargeability of debt against Defendants pursuant to 11 U.S.C. §523(a)(2)(A);

2.    For a judgment against Defendants in the principal amount of not less than $3,850,000, plus interest accruing at ten percent (10%) per annum until the time of entry of judgment.

3.    For an award of attorneys' fees and costs incurred herein for bringing this action and for the collection of a judgment of nondischargeability against Defendants.

AS TO THE TWELFTH CAUSE OF ACTION:

1.    For a determination of nondischargeability of debt against Defendants pursuant to 11 U.S.C. §523(a)(4);

2.    For a judgment against Defendants in the principal amount of not less than $3,850,000, plus interest accruing at ten percent (10%) per annum until the time of entry of judgment.

3.    For an award of attorneys' fees and costs incurred herein for bringing this action and for the collection of a judgment of nondischargeability against Defendants.

AS TO THE THIRTEENTH CAUSE OF ACTION:

1.    For a determination of nondischargeability of debt against Defendants pursuant to 11 U.S.C. §523(a)(6);

2.    For a judgment against Defendants in the principal amount of not less than $3,850,000, plus interest accruing at ten percent (10%) per annum until the time of entry of judgment.

3.    For an award of attorneys' fees and costs incurred herein for bringing this action and for the collection of a judgment of nondischargeability against Defendants.

ON ALL CAUSES OF ACTION:

1.    For such other and further relief as the Court may deem just and proper.

Dated: May 12, 2009                      LAW OFFICES OF EHSAN AFAGHI

                                         By: _____
                                             Ehsan Afaghi, Esq.
                                             Attorney For Plaintiff
                                             DAVID ZARABI

EXHIBIT *1*

Recycled Stock # DO-25-SS

Legal Tabs Co. 1-800-322-3022

# PROMISSORY NOTE

Los Angeles, California

**$3,850,000.00**                                              Dated: August 25, 2006

For value received, the undersigned (sometimes referred to herein as "NAMCO") promises to pay, without notice, demand, grace, deduction or offset, to David Zarabi ("Holder"), in lawful money of the United States, in immediately available funds, the principal sum of Three Million Eight Hundred Fifty Thousand and 00/100 **Dollars ($3,850,000.00)**, together with interest thereon on August 8, 2016 (the "Maturity Date"),at 63 E. Agate Ste 509, Las Vegas NV 89123 or such other place as the Holder hereof may designate. The Maturity Date shall be subject to extension as set forth below.

The outstanding principal amount of this Note shall bear interest at the rate of  Seven **Percent (7%)** per annum calculated on a 360/360 basis; that is by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the number of days the principal balance is outstanding (based on 30 days a month) . Interest only on the unpaid principal amount outstanding under this Note from time to time shall be payable, in arrears, on the first day of each calendar month beginning September 1, 2006 without notice, grace, demand, deduction or offset, until and including the Maturity Date, on which date, the principal amount hereof, together with all accrued and unpaid interest payable by the undersigned hereunder, shall be due and payable.

Notwithstanding any other provision of this Note, either party may notify the other for the pay off in writing at least 30 days before the undersigned shall become obligated to repay the principal sum of this Note.  This provision applies to the Maturity Date as well.

In the event of any misrepresentation, breach of warranty, or other failure by the undersigned, or any party, to perform its obligations under this Note, all unpaid principal and interest under this Note shall, at Holder's sole discretion, be immediately due and payable, without demand, notice or presentment.

No amendment, modification, or waiver of any provision of this Note, nor consent to any departure by the undersigned therefrom shall be effective, irrespective of any course of dealing, unless the same shall be in writing and signed by the Holder, and then such waiver of consent shall be effective only in the specific instance and for the specific purpose for which given.

The options, powers and rights of the Holder specified herein are in addition to, and not in lieu of, those authorized by applicable law.

Notwithstanding anything set forth in this Note, no interest payment or interest rate charged hereunder shall exceed the maximum amount or rate permitted under applicable law.

The undersigned agrees to pay all costs and expenses incurred or payable by Holder in connection with any litigation brought for the enforcement or collection of this Note, including court costs and attorneys' fees and costs actually incurred.



To the extent permitted by applicable law, the undersigned waives notice of protest, presentment, demand and any other notice in connection with the collection of this Note.

This Note shall be prepayable upon no less than fifteen (15) days written notice to Holder.

This Note shall be binding on the undersigned, its successors and assigns and shall inure to the benefit of Holder, its successors and assigns.

Any payment hereunder which is required to be made on a day which is not a business day in the City of Los Angeles shall be payable on the next immediately succeeding business day and such additional time shall be included in the computation of interest.

This Note shall be governed by, and construed in accordance with, the laws of the State of California, and subject to such laws, shall be construed in accordance with the Heter Iskoh policies observed by the undersigned.

This Note replaces and supersedes all prior instruments, documents and agreements which evidence the indebtedness represented by this Note, all of which prior instruments, documents and agreements, shall be null and void and of no force or effect.

**Namco Capital Group, Inc.**

_____
**Ezri Namvar-President**


This Note is personally guaranteed by:

_____
Ezri Namvar

1  Ehsan Afaghi, SBN 92481
   LAW OFFICES OF EHSAN AFAGHI
2  170 S. Beverly Drive
   Suite 315
3  Beverly Hills, CA 90212
   Telephone 310-278-8050 Fax 310-278-2330
4  E-Mail Afaghi@pacbell.net

5

6  Attorney for Plaintiff
   DAVID ZARABI

7

8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12 In re:                          )  BK Case No.: 2:08-bk-32349-BR
                                   )  Chapter 11
13 EZRI NAMVAR                     )
                                   )  Adversary Case No.
14          Debtor.                )
                                   )  **NOTICE PURSUANT TO LOCAL**
15 _____ )  **BANKRUPTCY RULES, RULE 7026-1**
                                   )
16                                 )
   DAVID ZARABI, an individual,    )
17                                 )
         Plaintiff,                )
18                                 )
         vs.                       )
19                                 )
   EZRI NAMVAR, an individual and DOES 1 )
20 THROUGH 50, Inclusive,          )
                                   )
21                                 )
         Defendants.               )
22 _____ )

23

24 ///

25 ///

26 ///

27 ///

28 ///

   ///

NOTICE PURSUANT TO LOCAL BANKRUPTCY RULES, RULE 7026-1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Local Bankruptcy Rules, Rule 7026-1, compliance with Federal Rules Bankruptcy Procedure, Rule 7026 and Local Bankruptcy Rules, Rule 7026-1 is required in all adversary proceedings.

Dated: April 29, 2009

LAW OFFICES OF EHSAN AFAGHI

By: _____
Ehsan Afaghi, Esq.
Attorney For Plaintiff
DAVID ZARABI

-2-

2007 USBC, Central District of California

FORM B104 (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

**PLAINTIFFS**
David Zarabi, an
individual

**DEFENDANTS**
Ezri Namvar, an individual and
DOES 1 through 50, inclusive

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Law Offices of ehsan afaghi, 170 S.
Beverly Dr,#315, BH, Ca 90212
310/27808050

**ATTORNEYS** (If Known)

RECEIVED
MAY 15 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

**PARTY** (Check One Box Only)
☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor  ☒ Other
☐ Trustee

**PARTY** (Check One Box Only)
☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor  ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Fraud, conversion, breach of fiduciary duty & aiding & abetting breach
of fiduciary duty, breach of contract, breach of covenant of good faith
unlawful business practices, unjust enrichment, constructive trust, etc.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false
   representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement,
   larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
   (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state
   court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 3,946,333.00 |

Other Relief Sought Nondischargeability - plaintiff's money was stolen from a 26
USC Section 1031 exchange account and is not the property of the
bankruptcy estate, injunction, stay, constructive trust, accounting

2007 USBC, Central District of California

FORM B104 (08/07), page 2

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| | |
|---|---|
| | **BANKRUPTCY CASE NO.**<br>2:08-bk-32349-BR |
| **NAME OF DEBTOR**<br>Ezri Namvar | |
| **DISTRICT IN WHICH CASE IS PENDING**<br>Central | **DIVISIONAL OFFICE**<br>Los Angeles |  **NAME OF JUDGE** |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| | | |
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

| | |
|---|---|
| **DATE**<br>April 29, 2009 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>Ehsan Afaghi |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number

Ehsan Afaghi, SBN 92481
Law Offices of Ehsan Afaghi
170 S. Beverly Drive, Suite 315
Beverly Hills, Ca 90212
Tel. 310/278-8050
Fax. 310/278-2330

FOR COURT USE ONLY

RECEIVED

MAY 15 2009

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Attorney for Plaintiff   David Zarabi

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

In re:

Ezri Namvar

Debtor.

CHAPTER   11

CASE NUMBER  2:08-bk-32349-BR

ADVERSARY NUMBER

David Zarabi

Plaintiff(s),

Ezri Namvar, an   vs.
individual and DOES 1 thruogh 50,
inclusive
Defendant(s).

(The Boxes and Blank Lines below are for the Court's
Use Only) (Do Not Fill Them In)

SUMMONS AND NOTICE OF
STATUS CONFERENCE

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

Hearing Date: _____   Time: _____   Courtroom: _____   Floor: _____

❑ 255 East Temple Street, Los Angeles

❑ 411 West Fourth Street, Santa Ana

❑ 21041 Burbank Boulevard, Woodland Hills

❑ 1415 State Street, Santa Barbara

❑ 3420 Twelfth Street, Riverside

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

JON D. CERETTO
Clerk of the Bankruptcy Court

Date of Issuance: _____

By: _____
        Deputy Clerk

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

F 7004-1

January 2009 (COA-SA)

**F 7004-1**

Summons and Notice of Status Conference - *Page 2*

| (SHORT TITLE) | | CASE NO.: |
|---|---|---|
| In re Ezri Namvar | Debtor(s). | 2:08-bk-32349-BR |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Date | Type Name | Signature |
|---|---|---|

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 7004-1**

Summons and Notice of Status Conference - *Page 3*

**F 7004-1**

| In re | (SHORT TITLE) | CASE NO.: |
|---|---|---|
| Ezri Namvar | Debtor(s). | 2:08-bk-32349-BR |

**ADDITIONAL SERVICE INFORMATION** (if needed):

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 7004-1**

*January 2009 (COA-SA)*